UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GARY MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, GARY MATHIS, by and through his attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and for his Complaint against Defendant, WALMART INC., states as follows:

**PARTIES**

1. Plaintiff GARY MATHIS ("Plaintiff") was at all times relevant to this Complaint a citizen of the City of Rockford, County of Winnebago, State of Illinois.

2. Defendant WALMART INC. ("Defendant") was at all times relevant to this Complaint a Delaware corporation with its principal place of business in Bentonville, Arkansas.

**JURISDICTION & VENUE**

3. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Jurisdiction of this Court is provided by 28 U.S.C. § 1332 due to diversity of citizenship of the Plaintiff and Defendant and the amount in controversy exceeding $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff resides in the District, Defendant conducts business in the District, and all events giving rise to the Plaintiff's claims occurred within the District.

**COUNT I - NEGLIGENCE**

6. On or about September 1, 2022, Plaintiff was lawfully on the premises of Defendant located in Rockford, Illinois.

7. At all times pertinent, the Defendant owned, operated, leased, managed, maintained, and/or controlled the premises located at 3902 W. Riverside Boulevard in the City of Rockford, Illinois.

8. On or about September 1, 2022, Plaintiff was waiting in the check-out line of the self-service aera at the above listed address with a shopping cart that had been provided to Plaintiff by Defendant.

9. On or about September 1, 2022, the shopping cart that Plaintiff was using was defective as the wheels of the cart kept getting stuck and were not rolling as intended.

10. On or about September 1, 2022, as Plaintiff went to move forward the stuck wheels of the shopping cart became unstuck abruptly, which caused the cart to lurch forward.

11. On or about September 1, 2022, as a result of the sudden lurch forward of the defective shopping cart, Plaintiff fell to the ground and sustained serious and permanent injury.

12. At all times pertinent, Plaintiff was exercising reasonable care for his own safety and was free from contributory negligence.

13. At all times pertinent, it was the duty of the Defendant to maintain the shopping carts it provided to its customers in a reasonably safe condition.

14. Defendant breached this duty and was negligent in one or more of the following ways:

    a. Allowed and permitted the shopping cart to become and remain in a dangerous condition when they knew or should have known that the wheels were faulty which created a hazardous condition for all individuals lawfully using the shopping cart;
    b. Failed to maintain the shopping cart in a reasonably safe condition;
    c. Failed to adequately inspect the shopping cart to ensure it was safe for the Plaintiff;
    d. Failed to implement policies and procedures to inspect shopping carts for defects;
    e. Failed to enforce policies and procedures to inspect shopping carts for defects;
    f. Failed to timely repair or replace the shopping cart and/or its wheels;
    g. Failed to remove the shopping cart from an area accessible to Plaintiff and others lawfully on the premises until it was repaired or replaced;
    h. Failed to instruct employees and/or agents to timely and properly repair or replace the shopping cart;
    i. Failed to properly train employees and/or agents as to the proper condition for shopping carts accessible to Plaintiff and others lawfully on the premises; and
    j. Was otherwise careless and/or negligent.

15. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant Walmart Inc., Plaintiff suffered injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff GARY MATHIS, prays for damages in an amount greater than $75,000.00 as he shall prove at trial, plus costs and any other relief the Court deems just or equitable.

            Respectfully submitted,
            GARY MATHIS

      By:  /s/ Kyle Bailey
            Kyle Bailey, Esq.
            *Attorney for Plaintiff*

McCready, Garcia & Leet, P.C.
200 W. Madison Ave. Suite 2400
Chicago, IL 60606
(t) (312) 966-4657
(f) 773-373-2375 fax
Service@McCreadyLaw.com